**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-2493**
_____

BONNIE NEWMAN DAVIS,

             Plaintiff - Appellant,

      v.

MICHAEL RAO, PhD., individually; L. TERRY OGGEL, PhD.,
individually; FRED M. HAWKRIDGE, PhD., individually; BEVERLY
J. WARREN, PhD., individually; CYNTHIA K. KIRKWOOD,
Pharm.D., individually,

             Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  James R. Spencer, Senior
District Judge.  (3:13-cv-00239-JRS)

_____

Submitted: August 27, 2014        Decided: September 5, 2014

_____

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Scott G. Crowley, Sr., CROWLEY & CROWLEY, Glen Allen, Virginia,
for Appellant.  Mark R. Herring, Attorney General of Virginia,
Rhodes B. Ritenour, Deputy Attorney General, Peter R. Messitt,
Sydney Edmund Rab, Senior Assistant Attorneys General, Richmond,
Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bonnie N. Davis filed a civil complaint against a number of Virginia Commonwealth University ("VCU") administrators, alleging that Defendants violated her due process rights in denying her application for tenure and promotion to the position of associate professor at VCU. Davis appeals the district court's order granting Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss.

We review de novo a district court's ruling on a Rule 12(b)(6) motion, accepting factual allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. Kensington Volunteer Fire Dep't v. Montgomery Cnty., 684 F.3d 462, 467 (4th Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To state a procedural due process claim, Davis must allege that: (1) she had a "constitutionally cognizable life, liberty, or property interest;" (2) Defendants deprived her of that interest; (3) and "the procedures employed were constitutionally inadequate." Sansotta v. Town of Nags Head, 724 F.3d 533, 540 (4th Cir. 2013). Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as

2

state law." Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972). To possess a property interest, a claimant "must have more than a unilateral expectation of it. [Sh]e must, instead, have a legitimate claim of entitlement to it." Id.

On appeal, Davis argues that even in the absence of a protected property interest, she was entitled to a fair review process under VCU's Promotion and Tenure Review Guidelines. Despite Davis' assertions to the contrary, demonstrating a protected liberty or property interest is a threshold requirement for establishing a Due Process claim. See Sansotta, 724 F.3d at 540. Moreover, "[p]rocess is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." Olim v. Wakinekona, 461 U.S. 238, 250 (1983). Tenure review procedures, without more, do not give rise to a protected property interest. Siu v. Johnson, 748 F.2d 238, 244 n.11 (4th Cir. 1984) (concluding that such a claim "is a circular one" and thus "conceptually unacceptable"). Because Davis has not alleged any property interest distinguishable from the tenure review procedures provided by VCU, we conclude that she has not demonstrated the threshold requirement that she was deprived of a protected property or liberty interest.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED